Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner and in a Pre-Trial Agreement dated 17 February 1995 as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant.
3. Defendant is self-insured.
4. Plaintiff's average weekly wage was $490.84, yielding a compensation rate of $327.24 per week.
5. Plaintiff's medical records were stipulated into evidence.
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the depositions of Doctors Elsner, Sink, and Stiefel are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 51 years old. He is a high school graduate and has one year of schooling in electronics.
2. On 5 April 1993 plaintiff, who had been employed by defendant for 19 years, was a floating relief water plant operator.
3. Plaintiff has a complex history of medical problems, including childhood polio, severe insulin dependent diabetes, hypertension, obesity, high cholesterol, peripheral neuropathy, carpal tunnel syndrome, diabetic mononeuritis, and a chronic tremor from Parkinsonism. Plaintiff also had pre-existing severe cervical spondylosis and stenosis from C3 to C7 levels.
4. Despite his severe medical problems, plaintiff continued to work for defendant and performed his job duties on a regular basis.
5. On 5 April 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant while he was moving metal drums of water treatment chemicals with a hand truck. The floor and plaintiff's feet were wet, and plaintiff's foot slipped off the hand truck. He felt his neck snap and fell on his knee onto the concrete floor. Plaintiff reported the accident to his supervisor, but continued to work his entire shift that day.
6. On 6 April 1993 plaintiff continued to feel discomfort in his neck, with the pain worsening during the day. However, plaintiff again worked his full shift.
7. On 7 April 1993 plaintiff again attempted to work, but left work early due to increased pain.
8. The plaintiff had a regularly scheduled day off on 8 April 1993, but reported his neck and back symptoms to the City Nurse who referred him to Dr. Steven Daub. Dr. Daub took plaintiff out of work for one week.
9. On 15 April 1993 plaintiff returned to see Dr. Daub as directed. He was still experiencing pain in his neck, back and arms, and was instructed to remain out of work for another week.
10. On 16 April 1993 plaintiff and his wife were preparing to leave home to visit his wife's parents in Virginia. As plaintiff walked down the front steps of his home, his knee buckled, and his legs became numb. He staggered back onto the porch and sat down in a chair.
11. The plaintiff then went to the emergency room at Moses Cone Hospital. After being seen by several different physicians, plaintiff began treatment by Dr. Henry Elsner, a neurosurgeon. On 4 May 1993 Dr. Elsner performed a cervical laminectomy with foraminotomies at C4-5 and C5-6 on the right side.
12. The 5 April 1993 injury by accident significantly aggravated plaintiff's pre-existing cervical spondylosis, stenosis and weakness in his extremities. The subsequent aggravation which occurred on 16 April 1993 was a natural consequence of the primary injury by accident on 5 April 1993. The incident on 16 April 1993 was not the result of an independent intervening cause attributable to plaintiff's own intentional conduct.
13. As a result of the significant aggravation of the pre-existing conditions, plaintiff has been unable to return to his regular job with defendant-employer and cannot perform any kind of manual work. Plaintiff has been unable to earn wages in any employment since 8 April 1993. He has permanent restrictions of no lifting, sitting or standing for extended periods, and no stooping or bending on a regular basis.
14. Defendant has not offered plaintiff any work which is within his capacity to earn wages nor has defendant provided any vocational rehabilitation assistance in order to retrain him for suitable work.
* * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 5 April 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's aggravating injury by accident which occurred on 5 April 1993 plaintiff is disabled from work and is entitled to receive compensation for temporary total disability at the rate of $327.24 per week from 8 April 1993 and continuing thereafter until defendant obtains permission from the Industrial Commission to cease said payments. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment by defendant of all medical expenses incurred or to be incurred as a result of his compensable injury on 5 April 1993 for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief and/or will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25(before amendment).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $327.24 per week from 8 April 1993 through the date of the hearing and continuing until plaintiff is no longer disabled or until further order of the Industrial Commission. That compensation which has accrued shall be paid to plaintiff in a lump sum, uncommuted, subject to the attorney's fee approved below.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as the result of his compensable injury of 5 April 1993 when bills for the same have been submitted and approved through procedures adopted by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five percent (25%) of the accrued compensation due plaintiff herein is approved for plaintiff's counsel and thereafter, plaintiff's counsel shall receive every fourth check. Said attorney's fee shall be deducted from the compensation due plaintiff and paid directly to his counsel.
4. Defendant shall pay the costs due this Commission, including an expert witness fee of $325.00 to Dr. Julia Sink.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ J. RANDOLPH WARD COMMISSIONER